UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

VICTOR ALCORN,                                :
                                              :     Case No.: 1:18-cv-06837-JFK
                      Plaintiff,              :
                                              :
        - against -                           :
                                              :     **ANSWER**
AMERICAN BROADCASTING                         :
COMPANIES, INC.,                              :
                                              :
                      Defendant.              :
---------------------------------------------------------------- x

Defendant American Broadcasting Companies, Inc. ("ABC" or "Defendant"), by its undersigned attorneys Davis Wright Tremaine LLP, as and for its Answer to Plaintiff's Complaint allege as follows:

## NATURE OF THE ACTION

1.      To the extent the allegations set forth in Paragraph 1 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, except admits that Defendant publicly displayed two images of a 22 pound lobster named Louie in a video segment on the ABC News website.

## JURISDICTION AND VENUE

2.      To the extent the allegations set forth in Paragraph 2 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendant admits that Plaintiff makes allegations of copyright infringement under federal law, and does not contest the subject matter jurisdiction of this Court.

3.      To the extent the allegations set forth in Paragraph 3 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendant admits that it transacts business in New York.

4.      To the extent the allegations set forth in Paragraph 4 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendant admits that venue is proper in this District.

## PARTIES

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs**

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, except admits that Exhibit A to the Complaint contains a copy of a photograph (the "Photograph") and Defendant respectfully refers the Court to this Exhibit for the contents thereof.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, except admits that Exhibit B to the Complaint contains a copy of an article from the *New York Post* and Defendant respectfully refers the Court to this Exhibit for the contents thereof.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint.

**B.      Defendant's Infringing Activities**

11.     Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except admits that ABC ran a news segment during its telecast of ABC World News Now which is available in full at https://abcnews.go.com/Lifestyle/22-pound-lobster-freed-20-years-york-seafood/story?id=48137977, and Defendant respectfully refers the Court to this website for the contents thereof.

12.     Defendant denies the allegations set forth in Paragraph 12 of the Complaint, except admits that ABC ran an article entitled *22-pound lobster freed after 20 years at New York seafood restaurant* that contained the news segment from ABC World News Now on the website, https://abcnews.go.com/Lifestyle/22-pound-lobster-freed-20-years-york-seafood/story?id=48137977, and Defendant respectfully refers the Court to this website for the contents thereof.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ABC)**
**(17 U.S.C. §§ 106, 501)**

14.     Defendant repeats and realleges each of its above responses to Paragraphs 1 through 13 of the Complaint as if fully set forth at length herein.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ABC)**</u>
**(17 U.S.C. § 1202)**

20.     Defendant repeats and realleges each of its above responses to Paragraphs 1 through 19 of the Complaint as if fully set forth at length herein.

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

<u>**PRAYER FOR RELIEF**</u>

With respect to the Wherefore clause in the Complaint, Defendant denies that Plaintiff is entitled to any relief, including a judgment against Defendant, damages, profits, costs, expenses, attorneys' fees, interest, or any other relief.

\*       \*       \*

To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

Each and every allegation contained in the Complaint not specifically admitted herein is denied.

## DEFENSES

By alleging the Defenses set forth below, Defendant is not in any way acknowledging or conceding that it has the burden of proof on any issue or defense as to which applicable law places the burden on Plaintiff. Defendant reserves the right to amend its Answer and Defenses to assert such additional defenses as may later become available or apparent to it.

## FIRST DEFENSE

1.     The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

2.     Plaintiff's claim is barred in whole or in part by the defense of license and/or implied license.

## THIRD DEFENSE

3.     Plaintiff's claim is barred in whole or in part by the doctrine of fair use.

## FOURTH DEFENSE

4.     Plaintiff's claim is barred in whole or in part by the doctrine of estoppel.

## FIFTH DEFENSE

5.     Plaintiff's claim is barred, in whole or in part, because he has failed to mitigate damages.

## SIXTH DEFENSE

6.     Plaintiff's claim is barred in whole or in part by the doctrine of misuse of copyright.

## SEVENTH DEFENSE

7.     Plaintiff's claim is barred in whole or in part because Defendant's conduct was reasonable, justified and in good faith.

## EIGHTH DEFENSE

8.     Plaintiff's alleged damages are too speculative and imprecise.

## NINTH DEFENSE

9.     Plaintiff has failed to allege her purported actual damages with the requisite particularity.

## TENTH DEFENSE

10.     Plaintiff is not entitled to recover any of Defendant's profits because such profits, if any, are not attributable to any alleged infringement and are duplicative of Plaintiff's purported actual damages.

## ELEVENTH DEFENSE

11.     Plaintiff is not entitled to statutory damages for willful infringement because if there has been any infringement (which Defendant denies), Defendant did not willfully, intentionally, recklessly or maliciously infringe Plaintiff's rights in the work at issue.

## TWELFTH DEFENSE

12.     Plaintiff's damages, if any, are limited by Defendant's innocent intent.

## THIRTEENTH DEFENSE

13.     Plaintiff's claim is barred to the extent it seeks statutory damages that, when measured against any actual damage suffered by Plaintiff, would be excessive, obviously unreasonable and wholly disproportionate in violation of the Due Process clause.

## FOURTEENTH DEFENSE

14.     Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

## JURY DEMAND

Defendant demands a trial by jury of all issues triable by jury.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests the following relief:

1.      A judgment in favor of Defendant denying Plaintiff all relief requested in his

Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

2.      That Defendant be awarded its costs of suit, including reasonable attorney's fees;

and

3.      That the Court award Defendant such other and further relief as the Court deems

just and proper.


Dated: New York, New York
          September 28, 2018

                          DAVIS WRIGHT TREMAINE LLP


                          By:  /s/ Jeremy Chase
                          Jeremy Chase
                          1251 Avenue of the Americas, 21st Floor
                          New York, New York 10020
                          Tel: (212) 489-8230
                          Fax: (212) 489-8340
                          E-mail: jeremychase@dwt.com

                          Nathan Siegel
                          1919 Pennsylvania Avenue NW
                          Suite 800
                          Washington, DC 20006-3401
                          Tel: (202) 973-4237
                          Fax: (202) 973-4437
                          E-mail: nathansiegel@dwt.com

                          *Attorneys for Defendant American Broadcasting
                          Companies, Inc.*

7

TO:    Richard P. Liebowitz, Esq.
        Liebowitz Law Firm, PLLC
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY 11580
        Tel: (516) 233-1660
        E-mail: RL@LiebowitzLawFirm.com

        *Attorney for Plaintiff*